## No. 14,996.

INTERNATIONAL DISTILLERIES CORPORATION *v.* YOULL.

(117 P. [2d] 318)

Decided September 2, 1941.

Messrs. GARWOOD & GARWOOD, for plaintiff in error.

Mr. MAX P. ZALL, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

GLADYS M. YOULL, defendant in error, recovered a judgment against the International Distilleries Corporation, plaintiff in error, on a promissory note admitted to have been made, executed and delivered by the corporation for a valid consideration on July 30, 1937. It is for $1,800, and expressly made payable one year after date to the defendant in error, wife of B. O. Youll, with interest until paid, and provided for an attorney's fee in case it should become necessary to enforce collection.

The corporation defended on the ground that B. O. Youll is the real party in interest; also on the ground that the note was paid by the issuance of a so-called renewal note likewise executed by the corporation, dated January 6, 1939, for $1,920, expressly payable to the husband, the consideration therefor being alleged to be the surrender and cancellation of the original note. Mrs. Youll denied that she ever accepted the renewal note and denied that she had authorized her husband to do so. She never surrendered the original note and it was never cancelled. The renewal note is in the same form as a number of others issued to persons who, like Mrs. Youll, were stockholders of the corporation. It purports to mature, "When the International Distilleries Corporation, the maker, has paid in full and discharged that certain issue of debenture bonds to be issued by the * * * corporation and payable five years after the date the same are issued. Immediately upon payment of all of said bonds so authorized to be issued this note shall then be due and payable." An attempt to float such a bond issue failed. Both Mrs. Youll and her husband testified that she did not authorize substitution of the renewal note.

This is clearly a case of conflicting evidence. There was sufficient substantial evidence to support the contentions of the defendant in error.

Judgment affirmed.

Mr. Justice Young, Mr. Justice Otto Bock and Mr. Justice Hilliard concur.